## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STANLEY ULATOWSKI,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 1:12-0254** |
| **v.** | : | **(CONNER, D.J.)** |
| | | **(MANNION, M.J.)** |
| **DAVID J. EBBERT,** | : | |
| **Respondent** | : | |

## <u>REPORT AND RECOMMENDATION</u>

Before the court is Stanley Ulatowski's petition for a Writ of Habeas Corpus. (Doc. 1). For the following reasons, the court recommends that the petition be denied for failure to exhaust administrative remedies.

## I.    Background

Stanley Ulatowski, a prisoner in the United States Penitentiary, Waymart, Pennsylvania ("USP Canaan"), is currently serving a 210-month term of imprisonment for Armed Bank Robbery, in violation of 18 U.S.C. §2113 (a) & (d) and Felon In Possession of Ammunition in violation of 18 U.S.C. § 922 (g)(1)). (Doc. 5-1, p. 10). The petitioner's projected release date is November 25, 2022, via good conduct time credit. (*Id.*, p. 9). On February 9, 2012, the petitioner filed the instant petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, challenging the Federal Bureau of Prisons' ("BOP") Disciplinary Hearing Officer's (DHO) decision to find him guilty of a violation involving possession of a hypodermic needle. (Doc. 1).

The petitioner argued that the DHO did not have a rational basis on the

record for a finding of guilt. (Id.). He further claimed that his cellmate, told the DHO that he placed the needle in the petitioner's locker to impede discovery by the institution staff. (Id., p. 3). On February 27, 2012, the court directed the respondent to show cause why habeas relief should not be granted. (Doc. 4). The respondent filed his response on March 19, 2012. (Doc. 5). The respondent principally argued that the instant petition should be denied because the petitioner: (1) failed to exhaust his administrative remedies; and (2) the DHO's findings were supported by some evidence. (Id.). On March 29, 2012, the petitioner filed a traverse. (Doc. 6). The petition is therefore ripe for disposition.

## II. Discussion

Although there is no statutory exhaustion requirement attached to habeas petitions brought pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust his administrative remedies prior to filing a §2241 petition. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies

the opportunity to correct their own errors fosters administrative autonomy."

Moscato, 98 F.3d at 761-62. In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. §542.10 et seq.,[1] otherwise, the habeas petition should be denied. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241). Exhaustion is not required, however, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier, 819 F.2d at 53; Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

In this case, the respondent argues that the petitioner procedurally defaulted the exhaustion of his administrative remedies with respect to the DHO's finding of guilt raised in his habeas petition. (Doc. 5). The petitioner indicated that he filed a first administrative appeal based on "no rational basis

---

[1] Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a prisoner must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. Id. § 542.13(a). If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests, usually the Warden, within twenty days of the date on which the basis for the complaint occurred. Id. § 542.14(a), (c)(4). An inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. Id. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. Id.

for DHO's decision." (Doc. 1, p.3). The petitioner further indicated that he filed a second administrative appeal on the same basis as his first administrative appeal and that the appeal was timely under *Houston v. Lack*, 487 U.S. 266 (1988). *Id.*

The respondent argued that although the petitioner filed administrative remedies, all of his administrative remedies were rejected for procedural errors. (Doc. 5, p. 10) (citing Doc. 5. Exs. 1, 1b). The respondent asserted that the petitioner's appeal to the regional office was rejected as untimely three times. (Doc. 10). The respondent further stated that the petitioner was told to provide staff verification three times in regard to the reason his untimely filing was not his fault. (*Id.*). The petitioner provided a staff memorandum with his fourth and fifth filing and provided the mailing date of the appeal, but the petitioner failed to explain why the appeal was untimely. (*Id.*). The petitioner then appealed to the Central Office. (*Id.*). The appeal was rejected as untimely because it was received on April 18, 2011 which was not within twenty days of March 24, 2011, the date the petitioner received the DHO report. (*Id.*). The petitioner did not file any subsequent appeals after November 7, 2011. (*Id.*).

The petitioner attempted to refute the respondent's argument by insisting that his initial Regional Administrative Remedy Appeal was timely filed under *Houston v. Lack,* 487 U.S. 266 (1988). (Doc. 1, Doc. 6). The petitioner argues that he gave his appeal to prison staff to be mailed on April

11, 2011, therefore, under the "prison mailbox rule"[2] established in *Houston*, his appeal should have been deemed timely filed. (*Id.*). In his traverse, the petitioner argued that he attached a memorandum from a staff member at the prison to attest to the fact that he gave the administrative appeal to the staff member to mail on April 11, 2011, three days before the administrative remedy filing deadline. (Doc. 6, p. 1). Thus, the petitioner argued that the exhaustion requirement should be excused because he has shown cause. *Id.* We disagree.

This Court previously addressed the issue in *Wall v. Holt*:

> A prisoner's appeal to a regional director or general counsel is "considered filed on the date it is logged into the Administrative Remedy Index as received." See 28 C.F.R. §542.18. Additionally, Program Statement 1330.13, the BOP's *Administrative Remedy Program* notes that the time periods for filing appeals to the regional director and the central office are "deliberately long to allow sufficient mail time. Inmates should mail their Appeals promptly after receiving a response to ensure timely receipt." See www.bop.gov, P.S. 1330.13, Administrative Remedy Program (effective date 8/6/2002), p. 8. The BOP will consider a late appeal upon a showing of a valid reason for the delay. See 28 C.F.R. §542.15(a).

2007 WL 89000 *1 (M.D. Pa. 2007).

The *Wall* Court held:

---

[2]The "prison mailbox rule" established in *Houston* states that a filing by a *pro se* prisoner litigant is deemed to be filed on the date the prisoner gives it to prison officials for mailing. *Houston*, 487 U.S. at 271. Here, Petitioner has not cited to any case which held that the prison mailbox rule applies to a prisoner's filings in his underlying administrative remedy appeals to support his §2241 habeas petition.

> The BOP specifically defines the filing date of an appeal as "the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. "'File[d]' in this case is simply not open to the interpretation given in Houston. *Nigro*, 40 F.3d at 994. Hence, the prison mailbox rule does not apply here. This makes Wall's regional appeal untimely. That appeal was "filed" on December 9, 2004, when it was logged into the Administrative log as received, seven days beyond the deadline...

*Id.* at p.*1.

The Court further noted that Petitioner Wall was given an opportunity to submit staff verification that the delay in filing his regional appeal was not his fault, but he did not offer justification and instead relied on the prison mailbox rule. *Id.*

Indeed, evidence in the record indicates that although the petitioner attempted to exhaust his administrative remedies, he did not do so timely. Furthermore, the petitioner did not explain why the petition was mailed late within the appeal period and thus deemed untimely. The appeal did not reach the Regional Office on time. The petitioner did not indicate that any exigency existed in this case. Because no administrative record exists that would be useful to the disposition of this §2241 petition, the petition should be denied for failure to exhaust administrative remedies. Consequently, the court need not reach the merits of the petitioner's claims. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 249 n.13 (3d Cir. 2005) (quoting Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case

may be disposed of.")); Hronek v. Angelini, No. 07-1228, 2008 WL 717822, at *3 (M.D. Pa. Mar. 17, 2008).

**III.    Conclusion**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT** the petition for a Writ of Habeas Corpus, **(Doc. 1)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: November 16, 2012

O:\shared\REPORTS\2012 Reports\12-0254.wpd