# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STANLEY ULATOWSKI**, | : | **CIVIL ACTION NO. 1:12-CV-254** |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **DAVID J. EBBERT**, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court are petitioner's objections (Doc. 8) to the Report and Recommendation of Judge Mannion (Doc 7). The court will sustain the objections, reject the Report and Recommendation, and remand this matter to a United States Magistrate Judge for disposition on the merits of the petition.

Briefly stated, the court is concerned not with the rejection of the petitioner's mailbox rule argument, but with the failure of the Regional Office to assess the reasonableness of petitioner's diligence in presenting his appeal to a staff member three days prior to the deadline for an appeal to the Regional Office. Although the staff memorandum referenced in petitioner's traverse is not part of the record, it appears undisputed that petitioner provided the Regional Office with confirmation of his handing the appeal to a staff member three business days prior to the deadline for appeal. That the appeal was not received in a timely fashion begs the question of whether the inmate's effort to transmit it at least three days prior to the deadline demonstrates reasonable diligence within the ambit of 28 C.F.R. § 542.15(a). The Regional Office and the Magistrate Judge concluded that petitioner failed to offer an appropriate explanation for the delay because the staff memorandum ostensibly does not elaborate on what

transpired <u>after</u> the inmate provided his paperwork to the staff member for mailing. Indeed the Report faults the petitioner for failing to "explain why the petition was mailed late within the appeal period and thus deemed untimely." Report, p. 6.

The court concludes that the explanation for the five day delay in receipt rests solely with Bureau of Prisons ("BOP") personnel, and thus beyond the petitioner's comprehension. It is undisputed that it took BOP personnel eight days[1] to transmit and enter petitioner's administrative appeal. The court does not find this to be an unreasonable delay in transit, and the court acknowledges the clear warning set forth in BOP Program Statement 1330.13, to wit:

> "The deadlines have been made deliberately long to allow sufficient mail time. Inmates should mail their Appeals promptly after receiving a response to ensure timely receipt. Ordinarily, the inmate must submit written verification from institution staff for any reason for delay that cannot be verified through SENTRY."

Nonetheless, I conclude that the appeal was timely filed because, in the unique circumstances of this case, it appears that the petitioner substantially complied with the spirit of this Program Statement. Indeed, the staff memorandum submitted by the petitioner is expressly contemplated by the Program Statement. Although the memorandum purportedly does not state explicitly why it took eight days to get from the institution to the Regional Office, it is implicit in this case that the delay is attributable to factors beyond the inmate's control.

---

[1] According to the record, petitioner provided his appeal to prison staff on April 11, 2011. The appeal was not received and entered until April 18, 2011.

The court does not condone last minute appeals, and the court is compelled to reiterate that this memorandum should not be construed to suggest that the mailbox rule applies to BOP administrative grievance procedure. The court holds <u>only</u> that the Regional Office should have considered whether the proffered explanation for the delay, i.e. providing three business days for transmission, demonstrates reasonable diligence within the ambit of 28 C.F.R. § 542,15(a). Given the status of this appeal and the limitations of our record, the court will err on the side of the petitioner and remand for a merits review. Nothing contained herein should be construed as indicative of the court's view of the merits of the petition.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: January 10, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STANLEY ULATOWSKI**, | : | **CIVIL ACTION NO. 1:12-CV-254** |
|       Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **DAVID J. EBBERT**, | : | |
|       Respondent | : | |

## **ORDER**

AND NOW, this 10th day of January, 2013, upon consideration of the foregoing memorandum, the Report and Recommendation of Judge Mannion are REJECTED and the Clerk of Court is directed to reassign this matter to a magistrate judge for review of the merits of the petition.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge